FILED
4:00 pm
MAY 2 6 2016
TOM HATCHER
CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE

| | |
|---|---|
| DIANNE MOFFETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. L-19321 |
| ) | JURY DEMANDED |
| MELVIN ROHRER; ROHRER AND ) | |
| ASSOCIATES MARKETING GROUP, INC. d/b/a ) | |
| RAM GROUP; and SYMETRA LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Dianne Moffett ("Mrs. Moffett"), by and through Counsel, and states the following for her cause of action against the Defendants:

### PARTIES

1. Mrs. Moffett is, and at all times material was, a citizen and resident of Blount County, Tennessee.

2. Upon information and belief, Melvin Rohrer ("Rohrer") is a citizen of Jefferson County, Wisconsin, and may be served with process at N807 Waubunsee Trail, Unit 1, Fort Atkinson, Wisconsin 53538-8782.

3. Upon information and belief, Rohrer and Associates Marketing Group, Inc. d/b/a RAM GROUP ("RAM") is a Wisconsin corporation and may be served with process through its registered agent, Melvin Rohrer, at its principal office located at 158 South Franklin Street, Janesville, Wisconsin 53548.

4. Upon information and belief, Symetra Life Insurance Company ("Symetra") is a Iowa corporation and may be served with process through the Tennessee Commissioner of Insurance at 500 James Robertson Parkway, Nashville, Tennessee 37243-0565.

## JURISDICTION AND VENUE

5. Rohrer, acting as an agent of RAM and Symetra, purposefully directed his activities toward decedent, Cleveland Moffett ("Mr. Moffett"), then a citizen and resident of Blount County, Tennessee at Mr. Moffett's home. Accordingly, all Defendants are subject to the personal jurisdiction of this court.

6. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101(a) because the cause of action arose in Blount County, Tennessee.

## FACTUAL BACKGROUND

7. Mr. Moffett purchased a term life insurance policy (the "Policy"), #AA6023000, from Symetra in 2005.

8. At all times material, Mrs. Moffett was the sole beneficiary to this policy.

9. In early 2015, Mr. Moffett received a letter (the "Solicitation Letter") on "Symetra Financial" stationary wherein Rohrer held himself out to be a "Symetra Representative" and informed Mr. Moffett that his term life insurance policy was "eligible for conversion to Symetra's guaranteed lifetime 'Classic' permanent policy." A true and accurate copy of the Solicitation Letter is attached to this Complaint as **Exhibit A** and is incorporated by reference.

10. Rohrer mailed the Solicitation Letter to Mr. Moffett at his home in Blount County, Tennessee without any prior solicitation from Mr. Moffett.

11. Rohrer is, and at all times material was, President of RAM.

12. At all times material, Rohrer was acting as an agent of RAM and Symetra.

13. On March 18, 2015, Mrs. Moffett called Symetra and spoke to a Symetra representative who verified that Rohrer was a representative of Symetra.

14. This Symetra representative advised Mrs. Moffett that, as a part of the policy

2

conversion, she should cancel the payment on the Policy that was scheduled to occur on April 7, 2015.

15. Based upon the representations made by Rohrer and the Symetra representative with whom she spoke on March 18, 2015, Mrs. Moffett cancelled the pending bank draft and awaited further instructions from Defendants.

16. On or about May 29, 2015, Mr. Moffett received a letter (the "Confirmation Letter") on RAM stationary wherein Rohrer congratulated Mr. Moffett and informed him that his "new Symetra Life Policy" (the "Conversion Policy"), #AA3971973, had been approved. A true and accurate copy of the Confirmation Letter is attached to this Complaint as **Exhibit B** and is incorporated by reference.

17. Rohrer mailed the Confirmation Letter to Mr. Moffett at his home in Blount County, Tennessee.

18. The Confirmation Letter did not contain information regarding the premium amount due for the Conversion Policy or how to pay the premium.

19. The Confirmation Letter contained enclosures (the "Enclosures") for Mr. Moffett to sign and return to Rohrer at RAM's principal office.

20. In early June 2015, Mr. Moffett signed the Enclosures and returned them by U.S. Mail to Rohrer at RAM'S principal office.

21. On June 23, 2015, Mrs. Moffett discovered through email correspondence with Rohrer that he had not yet received the Enclosures and she immediately faxed another copy of the Enclosures to Rohrer at RAM's principal office.

22. On June 26, 2015, Rohrer emailed Mrs. Moffett to inform her that he had received the Enclosures.

3

23. Between June 23, 2015 and July 16, 2015, Mrs. Moffett called and emailed Rohrer at RAM's principal office numerous times in an effort to determine the premium due under the Conversion Policy.

24. During this period, Mrs. Moffett also logged into the Symetra website in an effort to determine the premium due under the Conversion Policy.

25. After receiving no response from Rohrer, RAM, or Symetra, Mrs. Moffett emailed Rohrer again on July 16, 2015 and July 28, 2015 asking him to provide the premium due under the Conversion Policy.

26. Despite her repeated efforts, Mrs. Moffett was never able to obtain this necessary information from Rohrer, RAM, or Symetra.

27. Mr. Moffett passed away on July 2, 2015.

28. On or about August 14, 2015, Mrs. Moffett received a letter (the "Denial Letter") from Symetra informing her that the Policy had lapsed and that she would not be able to recover. A true and accurate copy of the Denial Letter is attached to this Complaint as **Exhibit C** and is incorporated by reference.

29. The Denial Letter also stated that an application for conversion was received prior to the Policy lapsing, but that the requirements needed to issue the Conversion Policy were never received and no coverage under the Conversion Policy was put into place.

## COUNT I – BREACH OF CONTRACT

30. Mrs. Moffett realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 29 as if fully stated herein.

31. The Conversion Policy is an insurance contract under which Defendants owe Mrs. Moffett $100,000.00.

4

32. The Solicitation Letter and/or the Confirmation Letter sent by Rohrer on behalf of RAM and Symetra constituted a valid offer and Mr. Moffett's return of these Enclosures indicated his acceptance of this offer.

33. By denying Mrs. Moffett's claim under these policies, Defendants have expressly and wrongfully repudiated their contractual obligations and declined to honor the promises they made when they issued the policies. Defendants' wrongful repudiation of their contractual obligation to Mrs. Moffett is a breach of these policies.

34. As a result of Defendants' breach of these policies, Mrs. Moffett has sustained substantial damages in the amount of $100,000.00.

### COUNT II – VIOLATION OF TENN. CODE ANN. § 56-7-105

35. Mrs. Moffett realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 34 as if fully stated herein.

36. After Mr. Moffett's death, Mrs. Moffett contacted Symetra to inform them of Mr. Moffett's death and to collect on the policies.

37. On or about August 14, 2015, Mrs. Moffett received a letter from Symetra informing her that they would not pay the amount due to her under either the Policy or the Conversion Policy.

38. On April 4, 2016, counsel for Mrs. Moffett send another demand letter to Rohrer, at RAM's principal office, and Symetra, demanding that Defendants fulfill their legal obligations and pay the amount due to Mrs. Moffett under the policies. This letter informed Defendants that Mrs. Moffett would assert a claim under Tenn. Code Ann. § 56-7-105 if Defendants refused the pay the amount due to Mrs. Moffett under the policies.

39. Defendants have failed to act in good faith in refusing to pay Mrs. Moffetts claim

5

under these policies. There are no legitimate or substantial legal grounds for Defendants' denial of coverage.

40. Defendants' failure to act in good faith has inflicted upon Mrs. Moffett expense, loss, and injury in addition to the amount claimed under the policies.

41. Pursuant to Tenn. Code Ann. § 56-7-105, Mrs. Moffett is entitled to statutory penalties, in an amount to be determined by a jury, of up to 25% of Defendants' total liability under the policies, plus the attorney's fees and court costs that Mrs. Moffett has incurred in an attempt to enforce these policies.

## COUNT III – INTENTIONAL MISREPRESENTATION AND/OR FRAUD

42. Mrs. Moffett realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 41 as if fully stated herein.

43. In the Confirmation Letter Rohrer represented that the Conversion Policy was effective. Rohrer made this representation despite knowing that it was false and knew that Mr. and Mrs. Moffett would reasonably rely on this misrepresentation.

44. During the March 18, 2015 phone call, a Symetra representative informed Mrs. Moffett that she should stop the pending payment on the Policy due to the policy conversion. This Symetra representative made this statement recklessly, without knowledge of its truth or falsity, and knew that Mr. and Mrs. Moffett would reasonably rely on this misrepresentation.

45. Mr. and Mrs. Moffett did reasonably rely on Defendants' material representations.

46. As a result of Defendants' intentional misrepresntations and/or fraud, Mrs. Moffett has suffered damages in the amount of $100,000.00.

## COUNT IV – NEGLIGENT MISREPRESENTATION

47. Mrs. Moffett realleges and incorporates by reference all of the allegations contained

6

in Paragraphs 1 through 46 as if fully stated herein.

    48.    Alternatively, Defendants made negligent representations to Mr. and Mrs. Moffett.

    49.    Defendants were acting in the course of their business in a transaction in which they each had a pecuniary interest. Defendants supplied faulty information meant to guide Mr. and Mrs. Moffett in this transaction while failing to exercise reasonable care in communicating this information. Defendants knew or should have known that Mr. and Mrs. Moffett would reasonably rely on these representations.

    50.    Mr. and Mrs. Moffett did reasonably rely on Defendants' material representations.

    51.    As a proximate result of Mr. Fortuno's breach of the duty of care, Mrs. Moffett has suffered damages in the amount of $100,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Moffett incorporates the above Paragraphs and respectfully requests as follows:

    A.    That summons be issued and served upon all Defendants, together with a copy of this Complaint, and that they be required to answer this Complaint within the time required by law;

    B.    That Plaintiff be awarded a monetary judgment against Defendants for compensatory damages in an amount not to exceed $250,000;

    C.    That Plaintiff be awarded a monetary judgment against Defendants for punitive damages in an amount sufficient to deter future similar conduct against citizens of Tennessee;

    D.    That Plaintiff be awarded statutory penalties, in an amount to be determined by a jury, of up to 25% of Defendants' total liability under the policies, plus attorney's fees and court costs;

    E.    That Plaintiff be awarded a judgment for expenses incurred in pursuing this case,

including reasonable attorney fees;

    F.    That costs in this cause be taxed against Defendants; and

    G.    That Plaintiff have other such further and general relief to which she may be entitled under law and equity.

Respectfully submitted this _26_ day of May, 2016.

_____
T. Kenan Smith (#012802)
Lyndsey L. Lee (#034319)
HODGES, DOUGHTY & CARSON, PLLC
617 W. Main Street
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307

## COST BOND

We recognize ourselves as surety for all court costs and taxes in this cause in accordance with Tenn. Code Ann. § 20-12-120.

_____
HODGES, DOUGHTY & CARSON, SURETY
617 W. Main Street
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307



Cleveland B Moffett
3329 Bluff View Drive
Louisville, TN 37777-3316

Dear Cleveland,

As a valued Symetra policyholder I am pleased to inform you that your term life insurance policy **#AA0605390**, is eligible for conversion to Symetra's guaranteed lifetime "Classic" permanent policy. Unlike your current term which increases in premium each year, this unique new plan will lock-in your premium rates and never increase. The option to convert to the new Classic policy is guaranteed, so there are no underwriting requirements.

The new Classic policy also includes living benefits, this no cost rider allows you to access up to 50% your death benefit should you become cognitively impaired or you are unable to perform 2 out 6 activities of daily living (dressing/bathing, eating, ambulating (walking), toileting, hygiene)

I plan to discuss this important option with you in further detail, however I find no current telephone contact information on file. Please contact me at the telephone number below your earliest convenience.

Sincerely,

*Melvin Rohrer*

Mel Rohrer
Symetra Representative
(800) 686-4238

**EXHIBIT A**



# RAM GROUP

158 SOUTH FRANKLIN STREET - JANESVILLE, WI 53548
800-686-4238 • 608-756-5335 • FAX: 608-756-0048

Friday, May 29, 2015

Cleveland Moffett

POLICY NUMBER: AA3971973
Classic Universal Life - $100,000

Dear Cleveland,

Congratulations! Your new Symetra Life Policy has been approved. Enclosed are the needed requirements to issue your life insurance policy. Please see below requirements needed to issue and mail your new Classic Universal Life Policy:

- Signed **Illustration Page**
- Signed **Application Part I**
- Signed **Replacement Notice**
- Signed **Additional Information For Life Insurance**

Please return the *time sensitive* signed documents in the self-addressed envelope provided, via email, or fax.

Please give me a call with any questions.

Sincerely,
Melvin Rohrer
**TF: (800) 686-4238**
**F:  (608) 756-0048**
**E:  rohrerm@ram-group.net**

158 S. Franklin Street
Janesville, WI 53548





**SYMETRA**
RETIREMENT | BENEFITS | LIFE

Symetra Life Insurance Company
Individual Life Division

777 108th Avenue NE, Suite 1200
Bellevue, WA 98004-5135

Mailing Address: PO Box 34690
Seattle, WA 98124-1690

Phone 1-800-796-3872
TTY/TDD 1-800-833-6388

www.symetra.com

August 14, 2015

Dianne K Moffett
3329 Bluff View Dr
Louisville TN 37777-3316

RE: Cleveland B Moffett, Deceased
Policy No.: AA6023000

Dear Mrs. Moffett:

We are writing you in regards to your recent inquiry as to whether or not there were benefits due on the above referenced policy. Our records indicate that policy AA6023000 lapsed due to non-payment on May 11, 2015. At that time all coverage ceased effective April 7, 2015.

While an application for conversion was received prior to the coverage lapsing, the requirements needed to issue the new policy were never received and no coverage was put into place.

At the time of Mr. Moffett's passing the only coverage being provided was under policy AA0605390 and the death benefit payment was made on this policy on August 5, 2014.

We hope we have answered your questions on this policy and once again, please accept our condolences.

If you have any questions or would like any additional information, please contact our office toll-free at 1-800-796-3872, extension 21012.

Sincerely

Steve Beebe
Unit Manager, Life Claims
Symetra Life Insurance Company

cc: Daniel J Nash

EXHIBIT C